## J. R. ROSSIGNOL et al. v. UNITED STATES.

### No. 9410.

Circuit Court of Appeals, Fifth Circuit.

June 20, 1940.

Ralph R. Quillian, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

An indictment in eleven counts was returned against Rossignol and Crocy. The first ten counts charged misuse of mails in connection with a fraudulent scheme. The eleventh count charged a conspiracy to commit the substantive offenses. They were convicted on the first ten counts and acquitted on the eleventh. A sentence of four years on each count was imposed on Rossignol, the sentences to run concurrently.

Both defendants appealed but subsequently Crocy dismissed his appeal and only Rossignol is now before this court. He assigns error to the overruling of a motion for a directed verdict of acquittal.

The indictment is lengthy and sets out the fraudulent scheme with great detail. In substance, the fraudulent scheme alleged was this. Defendants were doing business as Rossignol and Crocy, Inc. Through agents they solicited deposits of money for the purpose of buying common stock of the Coca-Cola Bottling Co. of New York. A written agreement was then entered into between the customer and the corporation, the corporation agreeing to purchase the coca-cola stock at the market price and hold it for account of the customer, under agreement to have it at all times available for inspection, the contract being called a non-marginal transaction. Defendants had the right to sell the stock outright at any time within twelve months, defendants to pay the customer interest at the rate of 5 per cent per annum on the amount of money deposited and divide the profits equally between themselves and the customer when the stock was sold. As guarantee of good faith and as collateral to secure the deposit, defendants were to turn over to the customer sufficient shares of Class B stock of Bankers' Industrial Service, Inc., this to be returned to them at the close of the transaction. The fraud alleged is that, instead of holding the coca-cola stock, defendants immediately converted it to their own use upon its acquisition; and that they falsely represented the Class B stock as having a value of $100 per share, when in fact, it had no market value and was carried on the books of the corporation issuing it at 10 cents a share.

It was shown that subsequently Rossignol and Crocy, Inc., and defendants became insolvent and the amounts deposited by the customers named in the indictment were wholly lost to them.

The record is voluminous but it is unnecessary to review the evidence in detail. It is sufficient to say we find substantial evidence in the record to support the conviction.

■ Error is assigned to the admission of portions of the testimony of five witnesses introduced by the government; to the exclusion of the testimony of one witness offered by defendants; and to the admission of a transcript of the stock register of the Bankers' Industrial Service, Inc. These assignments are without merit, considering the charge of the court.

■ Error is assigned to portions of the charge of the court. The court charged the jury fully and fairly and especially charged them that the transcript of the stock register was not to be considered evidence against defendants unless the evidence convinced them that they had knowledge of that document.

The record presents no reversible error. The judgment is affirmed.